O'DAY EQUIPMENT, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. A78–3017.

United States District Court, D. North Dakota, Southeastern Division.

Aug. 9, 1978.

H. Patrick Weir, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, N. D., for plaintiff.

James R. Britton, U. S. Atty., Fargo, N. D., for defendant; M. Carr Ferguston, Asst. Atty. Gen., Robert Livingston and Jeffrey D. Snow, Attys., Tax Division, Dept. of Justice, Washington, D. C., of counsel.

**446**

## ORDER

BENSON, Chief Judge.

This is an action for refund of excise taxes assessed on "field service units" (portable gasoline tanks) manufactured and sold by plaintiff during the taxable periods beginning October 1, 1965, and extending through June 30, 1972, and for injunctive relief. The matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction.

Plaintiff makes the following allegations in its Complaint: On August 27, 1973, plaintiff, under protest, paid $10,504.15, the amount of the assessed excise taxes, taking the position that the field service units were exempt from federal excise taxation. In a letter of "Notice of Seizure," dated October 5, 1973, the District Director of Internal Revenue demanded payment of an additional $428.82 in penalties and interest. Plaintiff's attorney, Phillip B. Vogel, sent a letter to the District Director of Internal Revenue on October 10, 1973, in which he stated:

> Your letter of October 5th to O'Day Equipment, Inc., Box 2706, Fargo, North Dakota, has been referred to this office for attention.
>
> We have paid the tax of $10,504.15, but we have not paid the penalty. It is our intention to file a claim for a refund and sue to get our $10,504.15 back. Under these circumstances, are we obligated to pay the penalty? If we do, we will just have to file a claim for a refund to get the money back because we do not believe that the tax is owing.

On October 19, 1973, the secretary to plaintiff's attorney placed a telephone call to an Internal Revenue Service employee and inquired whether the penalty should be paid "in view of the fact that the Internal Revenue service had been previously advised that the plaintiff had paid $10,504.15 and was claiming reimbursement of that fund and that a lawsuit for that amount would be brought." The Internal Revenue Service employee recommended that plaintiff pay the penalty and include that amount on its claim for refund. Copies of

Form 843 (claim for refund) were then mailed to plaintiff's attorney. On November 7, 1973, plaintiff paid defendant $428.82 for accrued interest and penalties.

On August 25, 1976, and October 20, 1977, plaintiff filed formal claims for refund of the excise taxes paid for certain of the taxable periods in question, for a total amount of $10,927.39. On each of the claims, the following statement was made:

> See exhibit B [the letter dated October 10, 1973, from plaintiff's attorney to the District Director of Internal Revenue], our informal claim, attached hereto, upon which this formal claim is based and which this formal claim amends.

Plaintiff's claims for refund were disallowed on February 14, 1978. This action was commenced on March 23, 1978.

### I. *Claim for Refund.*

■ The filing of a timely claim for refund is a jurisdictional prerequisite to bringing an action for refund. 26 U.S.C. § 7422(a); *United States v. Felt & Tarrant Manufacturing Co.*, 283 U.S. 269, 273, 51 S.Ct. 376, 75 L.Ed. 1025 (1931); *United States v. Frauenthal*, 138 F.2d 188, 192 (8th Cir. 1943). The period of limitation for filing a claim for refund is set forth in 26 U.S.C. § 6511(a);

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.
>
> . . .

In support of its motion, defendant notes that plaintiff's formal claims for refund were filed more than two years after it paid the assessed taxes, and contends that the October 10, 1973 letter from plaintiff's attorney was not sufficient to toll the running of the statutory period.

An informal claim is sufficient for jurisdictional purposes if it gives notice to the Commissioner of the nature of the taxpayer's claim, where any formal defects and lack of specificity have been cured by amendment after the limitations period has lapsed. *United States v. Kales*, 314 U.S. 186, 194, 62 S.Ct. 214, 86 L.Ed. 132 (1941). "[E]ach case must be decided on its own peculiar set of facts with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made." *Kuehn v. United States*, 480 F.2d 1319, 1320, 202 Ct.Cl. 473 (1973), *quoting Newton v. United States*, 163 F.Supp. 614, 619, 143 Ct.Cl. 293 (1958). A statement in an informal claim to the effect that the taxpayer "will claim the right to a refund" is not necessarily fatal to the adequacy of the claim; use of the future tense under certain circumstances may be viewed as an assertion of a present right. *United States v. Kales*, 314 U.S. at 195–96, 62 S.Ct. 214.

In *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 162 Ct.Cl. 106 (1963), the Court of Claims explained the general requirements of an adequate informal claim for refund:

[It] must have a written component, and should adequately apprise the Internal Revenue Service that a refund is sought and for certain years. It is not enough that the Service have in its possession information from which it might deduce that the taxpayer is entitled to, or might desire, a refund; nor is it sufficient that a claim involving the same ground has been filed for another year or by a different taxpayer. On the other hand, the writing should not be given a crabbed or literal reading, ignoring all the surrounding circumstances which give it body and content. The focus is on the claim as a whole, not merely on the written component. In addition to the writing and some form of request for a refund, the only essential is that there be made available sufficient information as to the tax and the year to enable the Internal Revenue Service to commence, if it wishes, an examination into the claim.

*Id.*, at 920 (citations omitted).

On the record before the court in this case, it is not clear whether sufficient information was made available to the Internal Revenue Service prior to the expiration of the statutory period to apprise it that a claim for refund was being made. The factual record on this issue must be developed at a plenary hearing before the court can determine the adequacy of plaintiff's informal claim.

## II. *Claim for Injunctive Relief.*

In addition to its claim for refund of taxes already assessed and collected, plaintiff seeks an injunction enjoining and restraining defendant from assessing and collecting further excise taxes on units to be manufactured and sold by plaintiff in the future.

The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides:

Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.[1]

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

In *Enochs v. Williams Packing Co.*, the United States Supreme Court articulated a narrow judicial exception to the applicability of § 7421(a):

[I]f it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the *Nut Margarine* case [*Miller v. Standard Nut Marga-*

---

1. None of the statutory exceptions are relevant to this case.

*rine,* 284 U.S. 498, [52 S.Ct. 260, 76 L.Ed. 422] (1932)], the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in "the guise of a tax." *Id.,* at 509, [52 S.Ct. 260.]

370 U.S. at 7, 82 S.Ct. at 1129. *See also Commissioner v. "Americans United" Inc.,* 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974); *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

Plaintiff contends the Government cannot possibly prevail because of this court's holding in *Fargo Foundry Steel & Mfg. Co. v. United States,* 415 F.Supp. 1362 (D.N.D.1976), *affirmed without published opinion,* 553 F.2d 103 (8th Cir. 1977), that the field service units manufactured and sold by the plaintiff in that case were not subject to excise tax. Assuming plaintiff is correct on this point, it nevertheless may not maintain an action for injunctive relief because it does not meet the second component of the *Williams Packing* exception, which is the traditional requirement of irreparable injury and lack of an adequate remedy at law. If plaintiff has made a timely and adequate informal claim for refund of taxes already assessed and collected, it will have a full opportunity to litigate, on its claim for refund, the question whether the field service units are exempt from taxation. Even if plaintiff may not maintain its present action for refund, no reason appears in the record why an action for refund would not be an adequate remedy should further excise taxes be assessed against it in the future. *Commissioner v. "Americans United" Inc.,* 416 U.S. at 762, 94 S.Ct. 2053; *Bob Jones University v. Simon,* 416 U.S. at 746–48, 94 S.Ct. 2038.

IT IS ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction is denied as to plaintiff's claim for refund, with defendant having the right to renew its motion following a plenary hearing.

IT IS FURTHER ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction is granted as to plaintiff's claim for injunctive relief.