Roberta HANSEN, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. CV. 83-0-687.

United States District Court, D. Nebraska.

Jan. 26, 1984.

Lenore Andrea Simon, Omaha, Neb., for plaintiffs.

Daniel F. Ross, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This case is an action originally brought by nineteen plaintiffs seeking preliminary and permanent injunctions against Internal Revenue Service (IRS) seizure of property owned by the plaintiffs to satisfy previously determined income tax deficiencies. Defendants collectively have filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. After careful review of the briefs and other documents filed in support of and in opposition to such motion, the Court concludes the motion is well taken and should be granted.

The facts are these. During several recent tax years, the plaintiffs all filed federal income tax returns which were subjected to recomputation by the IRS. Tax deficiencies were determined and negligence penalties and interest added. The plaintiffs filed this lawsuit to prevent the IRS from conducting seizures and sales of the plaintiffs' property to satisfy the assessed deficiencies. Several grounds have been advanced by the plaintiffs in support of their argument for preliminary and permanent injunctions and in opposition to the motion to dismiss.

■ First, the plaintiffs allege that they did not report their earned wages as income on the tax returns due to their belief that wages do not constitute "income" under the Sixteenth Amendment to the United States Constitution. Instead, they argue, their labor is personal property, not a gain, to be exchanged for other personal property, such as money. Therefore, the plaintiffs argue that relief should be granted due to the inherent illegality of the assessed deficient taxes. However, this argument, made repeatedly in the federal courts, has no merit whatsoever and has been consistently rejected. Wages and salaries clearly fall within the definition of "income" and are, therefore, constitutionally taxable. *United States v. Richards*, 723 F.2d 646 at 648 (8th Cir.1983). *See e.g., Funk v. Commissioner*, 687 F.2d 264 (8th Cir.1982); *United States v. Lawson*, 670 F.2d 923 (10th Cir.1982); *United States v. Buras*, 633 F.2d 1356 (9th Cir.1980); *United States v. Moore*, 692 F.2d 95 (10th Cir. 1979).

■ A second argument advanced by the plaintiffs alleges that unless this Court grants injunctive relief, the plaintiffs will suffer irreparable harm due to the unlawful taking of their property.

The Anti-Injunction Act, 26 U.S.C. § 7421(a) (Supp. V. 1981) provides:

Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Since none of the exceptions listed in Section 7421(a) apply to the facts of this case, it appears initially that the strong language of that section prevents this Court from issuing any kind of injunction to restrain the assessment or collection of any of the tax deficiencies which are the subject of this suit. However, while recognizing that the manifest purpose of Section 7421(a) is to "permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sum must be determined in a suit for refund," *Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the United States Supreme Court articulated in that case a narrow judicial exception to the injunction bar of Section 7421(a):

If it is clear that under no circumstances could the government ultimately prevail, the central purpose of the Act is inapplicable and, under the *Nut Margarine* case [*Miller v. Standard Nut Margarine Co.*, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932) ], the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.' [Added.]
370 U.S. at 7, 82 S.Ct. at 1129.

The above narrow exception was refined in *Commissioner v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976), wherein the Supreme Court stated: "The government may defeat a claim by the taxpayer that its assessment has no basis in fact—and therefore render applicable the Anti-Injunction Act—without resort to oral testimony and cross-examination. Affidavits are sufficient so long as they disclose basic facts from which it appears that the government may prevail." 424 U.S. at 633, 96 S.Ct. at 1073.

As to the second portion of the *Williams Packing* exception, namely, the existence of equity jurisdiction, such requires that the plaintiff make a showing of the lack of an adequate remedy at law and that irreparable harm would occur if equitable relief was not granted. However, the *Williams Packing* decision states that a suit "may not be entertained merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise." 370 U.S. at 6, 82 S.Ct. at 1129. Therefore, Section 7421(a) bars injunctive relief except when a plaintiff has shown the lack of an adequate remedy at law, has shown that irreparable injury would occur, and has shown that under no circumstances could the government ultimately prevail. This position has been adopted by courts in the Eighth Circuit. *Rosenblum v. United States*, 549 F.2d 1140 (8th Cir.1977); *Spannaus v. United States*, 525 F.2d 231 (8th Cir.1975); *Hansen v. United States*, 455 F.Supp. 1367 (W.D.Mo.1978); *O'Day Equipment, Inc. v. United States*, 454 F.Supp. 444 (D.N.D.1978).

The plaintiffs fail to satisfy the judicial exceptions to the injunction bar of 26 U.S.C. § 7421(a) in two particulars. First, they have failed to establish that under no circumstances could the government ultimately prevail. Specifically, the plaintiffs have, in arguing that wages are not income and thus are not taxable, in fact advanced an unmeritorious position which fails to establish an absolute likelihood of success on their part. In addition, there is no evidence which contradicts the inference that the IRS acted pursuant to law in recomputating the plaintiffs' income taxes and assessing deficiencies.

Second, the plaintiffs have failed to establish that irreparable harm would result if the injunctions were not issued. Since the plaintiffs' basis for alleging that the IRS has acted to assess illegal taxes lacks merit, and the IRS has acted in accordance with procedures mandated by law and regulations to determine deficient taxes, then there is no irreparable harm inherently present in the seizure of property to satisfy these tax deficiencies. The plaintiffs cannot now be heard to complain after freely deciding to ignore the clearly established legal principle that wages are taxable as income under the Sixteenth Amendment.

Since the judicial exceptions to the injunction bar of 26 U.S.C. § 7421(a) are not satisfied in this case, this Court lacks subject matter jurisdiction to grant the relief sought by these plaintiffs. Accordingly, governed by the bar of 26 U.S.C. § 7421(a), defendants' motion to dismiss (Filing No. 7) is well taken and a separate order granting the same and dismissing the case is filed herein this date.