**UNITED STATES of America and John L. Mansfield, Internal Revenue Agent, Appellees,**

v.

**FIRST NATIONAL BANK Through Denise O'HARA, Customer Service Manager,**

v.

**Gary C. ROSENBERGER and Connie Rosenberger, Trustees, Life Science Church of Morningside, Appellants.**

**No. 83–1637.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 8, 1984.

Decided Feb. 15, 1984.

Glen L. Archer, Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Michael J. Roach, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellees; Evan L. Hultman, U.S. Atty., Cedar Rapids, Iowa, of counsel.

Gary Rosenberger, pro se.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Gary and Connie Rosenberger, trustees of the Life Science Church of Morningside, appeal from the district court's entry of an order enforcing a summons issued by the Internal Revenue Service under 26 U.S.C. § 7609. On appeal the Rosenbergers challenge the district court's jurisdiction to enter this order. After reviewing the record and case law, we believe that the district court properly assumed jurisdiction in this case, and we affirm its order enforcing the summons.

While investigating the tax liability of the Rosenbergers, an IRS agent issued a summons to the First National Bank on August 10, 1982, directing its representative to appear and produce financial data relating to the Rosenbergers and their controlled entities, as described in the summons. The Rosenbergers also received notice of the summons, and they ordered the bank not to comply. Five weeks later the United States filed this action to enforce the summons. The case was referred to a United States Magistrate who concluded that the summons had been issued for a legitimate purpose, the information sought was relevant to that purpose, the information sought was not already in the Commissioner's possession, and the issuance of the summons was procedurally proper. After the taxpayers objected, the district court reviewed these findings (along with the Rosenbergers' jurisdictional and constitutional challenges of the government's taxing and investigative process) and entered an order enforcing the summons.

The Internal Revenue Code of 1954 authorizes the Secretary of the Treasury to investigate the potential tax liability of taxpayers by examining documents or persons made available by summons. 26 U.S.C. §§ 7601–02. Special procedures govern summonses issued to banks as other third-party recordkeepers on behalf of taxpayers. 26 U.S.C. § 7609. If the taxpayer refuses to comply with the summons, the United States may seek judicial enforcement of the summons in the appropriate federal district court which "shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data." 26 U.S.C. §§ 7402(b), 7604(a). The Supreme Court has approved the issuance of summonses under sections 7402(b) and 7604(a). *United States v. LaSalle National Bank*, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978); *Donaldson v. United States*, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971).

■ The Rosenbergers contend that the Commissioner must demonstrate their federal tax liability in an administrative hearing before the district court can assume jurisdiction to enforce the summons. This argument misunderstands the nature of due process rights. The Administration Procedure Act (APA), 5 U.S.C. §§ 551 *et seq.,* on which the Rosenbergers rely, creates no right to a hearing; the APA only prescribes procedures to be followed when a hearing is required by another statute. *Colorado v. Veterans Administration*, 602 F.2d 926, 928 (10th Cir.1979); *Webster Groves Trust Co. v. Saxon*, 370 F.2d 381, 385 (8th Cir.1966). *See also Califano v. Sanders*, 430 U.S. 99, 106–07, 97 S.Ct. 980, 984–85, 51 L.Ed.2d 192 (1977). The Internal Revenue Code, however, protects taxpayers by vesting in the courts the power to enforce IRS summons. *United States v. Bisceglia*, 420 U.S. 141, 146, 95 S.Ct. 915, 919, 43 L.Ed.2d 88 (1975). If the summons is challenged,

> it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose, and is not meant "to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation."

*Id.* at 146, 95 S.Ct. at 919, *quoting United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). *See Reisman v. Caplin,* 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964); *United States v. Lask,* 703 F.2d 293, 296–97 (8th Cir.1983).

■ The district court properly assumed jurisdiction of this case under 26 U.S.C.

§§ 7402(b) and 7604(a) and we affirm its order enforcing the summons.