Roberta **HANSEN**, Warren A. **Hansen, Jann Harrington, Mike Harrington, Cecile Norton, Donald Norton, Richard A. Otten, Una B. Otten, Irene A. Parsons, Roland W. Parsons, Daniel R. Randolph, Janet M. Taylor, Joseph I. Taylor, Ken J. Vojtech, Starla Vojtech, David F. Vonseggern, Donna L. Vonseggern, et al., appellants,**

v.

**UNITED STATES** of America; **Roscoe L. Egger, Commissioner of the Internal Revenue Service; Dominic E. Pecorella, Midwest Regional Commissioner of the Internal Revenue Service; Mitchell Premis, Nebraska District Director of the Internal Revenue Service; Brady Bennett, Group Two Manager for the Nebraska Internal Revenue Service, Appellees.**

No. 84–1391.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 20, 1984.

Decided Sept. 28, 1984.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Thomas A. Gick, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellees.

Susan Koenig-Cramer, Omaha, Neb., for appellants.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This appeal was brought by nineteen "tax protestors" from the dismissal of their action against the United States and the Commissioner of the Internal Revenue Service. The district court[1], 578 F.Supp. 356, dismissed the action for lack of subject matter jurisdiction. We affirm.

## FACTS

The appellants did not report their wages as income on their tax returns because they believed that the sixteenth amendment to the United States Constitution did not require them to do so. The IRS performed recomputations, discovered the deficiencies, and added negligence and interest penalties thereto. Subsequently, the appellants filed this action in the district court to enjoin the IRS from seizing their property. The government filed a motion to dismiss the complaint for lack of subject matter jurisdiction, and for failure to state a claim upon which relief could be granted. The district court granted the government's motion to dismiss.

The court rejected the appellants' argument that wages were not income under the sixteenth amendment, relying on several cases that had previously decided the issue. The court granted the motion to dismiss because it lacked subject matter jurisdiction by virtue of the Anti-Injunction Act, 26 U.S.C. § 7421(a) (West Supp.1984), which, with some exceptions not applicable here, prohibits courts from granting injunctions to restrain the collection of taxes. This appeal followed.

## ISSUE

Whether the district court erred in dismissing the action for lack of subject matter jurisdiction.

## DISCUSSION

The relevant portion of the Anti-Injunction Act provides:

**§ 7421. Prohibition of suits to restrain assessment or collection**

---

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

**(a) Tax.**—Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (West Supp.1984). The appellants claim that the Act does not bar their suit because they fit within a narrowly created judicial exception to the Act.

In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Court created an exception to the bar of section 7421(a) stating:

The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, *if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, \* \* \* the attempted collection may be enjoined if equity jurisdiction otherwise exists.* \* \* \*

We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. *Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained.* Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed.

370 U.S. at 7 (emphasis added).

■ To obtain the injunction sought here, the appellants would have had to show that under the most liberal view of the law, and the facts, there was no possibility the government could establish its claim, and that irreparable harm would occur absent an injunction. *See Rosenblum v. United States*, 549 F.2d 1140, 1146 (8th Cir.1977). We agree with the district court's holding that the appellants failed to satisfy the requirements of the judicially created exception.

■ The appellants claim that wages are not income for purposes of the sixteenth amendment, and, therefore, the government cannot possibly prevail in a suit to recover the deficiencies. This argument has repeatedly been rejected by the courts. *See United States v. Richards*, 723 F.2d 646, 648 (8th Cir.1983). The appellants also argue that labor is a property right given in exchange for wages, therefore no gain is recognized. This argument has also previously been rejected. *See Rowlee v. Commissioner*, 80 T.C. 1111, 1119–22 (1983). Not only is there *some* chance the government will prevail on its claim, but the government is *likely* to prevail. On this basis we affirm the judgment of the district court.

■ On appeal, the government requests that costs be imposed on the appellants under Rule 38 of the Rules of Appellate Procedure. Rule 38 states:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

This appeal is patently frivolous. We grant the government's request and impose on the appellants the costs of the government. *See Lively v. Commissioner*, 705 F.2d 1017, 1018 (8th Cir.1983); *Cf. Ueckert v. Commissioner*, 721 F.2d 248, 250–51 (8th Cir.1983) (warning given regarding frivolous appeals).