988 F.2d 68
 71 A.F.T.R.2d 93-1202, 93-1 USTC P 50,253
 UNITED STATES of America, and Gary Jones, Revenue Officer of
the Internal Revenue Service, Plaintiff-Appellee,
v.
James E. CARTER, Defendant-Appellant.
UNITED STATES of America, and Gary Jones, Revenue Officer of
the Internal Revenue Service, Plaintiff-Appellee,
v.
Shirley L. CARTER, Defendant-Appellant.
 No. 92-2511.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 6, 1993.
Decided March 17, 1993.
Rehearing Denied April 16, 1993.
 
 Gary R. Allen, Washington, DC (James A. Bruton, Gary R. Allen, Charles E. Brookhart and Steven W. Parks, on the brief), for plaintiff-appellee.
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Shirley Carter and her husband James Carter appeal the district court's[1] order granting the petitions to enforce Internal Revenue Service (IRS) summonses filed by the United States and IRS officer Gary Jones. We affirm.
 
 
 2
 On January 11, 1989, in furtherance of his investigation into their tax liabilities, Jones hand-delivered attested "Income Tax Return" summonses (IRS Form 6638) to each of the Carters. The forms indicated that the IRS was investigating income tax liability for the years 1983 through 1987, "for which year(s) no return(s) ha[d] been made." The forms stated that the requested information was necessary for the IRS to prepare federal income tax returns for these years, and sample blank tax returns were attached.
 
 
 3
 After the Carters refused to comply, Jones filed enforcement petitions in the district court. Following a hearing, the magistrate judge made the following factual findings: (1) the IRS was investigating the Carters' possible tax liability for the years 1983-1987; (2) Jones served attested copies of the summonses on the Carters; (3) the Carters did not comply with the summonses; (4) the information was not in the possession of the IRS and was "material and necessary to properly investigate" their potential tax liabilities; (5) Jones had followed the required administrative steps; and (6) the IRS had not recommended criminal prosecution of the Carters to the Justice Department. The magistrate judge determined that Jones had thus made a prima facie showing that service of the summonses was in good faith; the Carters' argument that the federal government does not have authority to levy and collect taxes from individuals was meritless; and the summonses should be enforced.
 
 
 4
 The district court adopted the magistrate judge's recommendation over the Carters' objections, and entered an order directing the Carters to comply with the IRS summonses. The Carters unsuccessfully moved the court to modify the judgment and to dismiss. On appeal, the Carters challenge the district court's jurisdiction to review Jones's petitions, as well as the court's enforcement of the IRS summonses.
 
 
 5
 The district court had jurisdiction to review the petitions. "If the taxpayer refuses to comply with [an IRS] summons, the United States may seek judicial enforcement ... in the appropriate federal district court which 'shall have jurisdiction ... to compel such attendance, testimony, or production of books, papers, or other data.' " United States v. First National Bank, 727 F.2d 762, 763 (8th Cir.1984) (quoting 26 U.S.C. §§ 7402(b), 7604(a)).
 
 
 6
 The record supports the district court's determination to enforce the summonses. Under 26 U.S.C. § 7602(a)(1), the IRS has the authority to summon a taxpayer to provide information "[f]or the purpose of ... making a return where none has been made, [or] determining the liability of any person for any internal revenue tax." The Carters never countered the IRS's allegation that they did not make tax returns for the years in question.
 
 
 7
 After careful review of the record, we conclude that Jones established a prima facie showing that service of the summonses was made in good faith by establishing that: the investigation was conducted for the legitimate purpose of ascertaining the Carters' possible income tax liability; the inquiry into items that could reflect their income was relevant to that purpose; the information was not already within the IRS's possession; and Jones had taken the required administrative steps. See Tax Liabilities of John Does v. United States, 866 F.2d 1015, 1018 (8th Cir.1989).
 
 
 8
 As the arguments raised in this appeal are frivolous, and we have many times so held, we award a sanction in the form of damages in the amount of $1500 against appellants. See Denison v. Commissioner, 751 F.2d 241, 242 (8th Cir.1984) (per curiam), cert. denied, 471 U.S. 1069, 105 S.Ct. 2149, 85 L.Ed.2d 505 (1985); Hansen v. United States, 744 F.2d 658, 660 (8th Cir.1984) (per curiam); see also Coleman v. Commissioner, 791 F.2d 68, 72 (7th Cir.1986). Damages and costs are authorized by both 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38.The doors of this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts. But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes.
 
 
 9
 Denison, 751 F.2d at 242-43 (quoting Granzow v. Commissioner, 739 F.2d 265, 269-70 (7th Cir.1984) (per curiam)).
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri, adopting the findings and recommendation of the Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri