Nelson W. HAYWARD, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 84–1614.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 13, 1984.

Decided Oct. 30, 1984.

Nelson W. Hayward, pro se.

Glenn L. Archer, Michael L. Paup and Richard Farber, Washington, D.C., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Nelson W. Hayward appeals from the Tax Court's determination of deficiencies in his federal income taxes for the tax years 1973 through 1977, and affirmance of civil fraud penalties and additions to tax for the tax years 1973 through 1978. In this pro se appeal, Hayward contends that: (1) his wages for the tax years 1973 through 1978 are not taxable income because liability for taxes on wages can only exist under Chapter 24 of Subtitle C of the Internal Revenue Code; (2) the Tax Court incorrectly sustained the imposition of the civil fraud penalty and the additions to tax; and (3) his wages for the tax year 1978 were tax exempt.

These claims are frivolous. First, in Hayward's previous appeal of the denial of his post-conviction petition under 28 U.S.C. § 2255,[1] this Court disposed of his contention that wages are not subject to the federal income tax. *Hayward v. Day,* 619 F.2d 716, 717 (8th Cir.1980). Whether income taxes must be withheld at source by the employer under Subtitle C is a separate issue from whether taxes must ultimately be paid on wages under section 61 of the Code. *McGahen v. Commissioner,* 76 T.C. 468, 481, *aff'd,* 720 F.2d 664 (3d Cir.1983).

Second, the record supports the Tax Court's imposition of the civil fraud penalty and additions to tax under 26 U.S.C. § 6653(b) (1982) because Hayward intended to evade the taxes he knew were owing by conduct intended to prevent their collection.

Third, there is no merit to Hayward's contention that the Tax Court determined

that he was exempt from taxes on his wage income for the tax year 1978.

Finally, the Commission has asked that we assess costs and attorney's fees against the appellant. We decline to do so.

---

**1.** Hayward's conviction on four counts of failure to file an income tax return in violation of 26 U.S.C. § 7203 (1976) was previously affirmed by this Court in an unpublished opinion, *United States v. Hayward,* 603 F.2d 221 (8th Cir.1978).