MARCELLUS S. and BARBARA L. DEATS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deats v. Commissioner
Docket No. 5551-85.
United States Tax Court
T.C. Memo 1986-221; 1986 Tax Ct. Memo LEXIS 388; 51 T.C.M. (CCH) 1105; T.C.M. (RIA) 86221; June 2, 1986. Marcellus S. and Barbara L. Deats, pro se. Albert B. Kerkhove, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes for 1983 as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
Marcellus S. Deats
1983
$5,997.00
$949.00
$300.00 *
$200.00
Barbara L. Deats
1983
2,053.00
513.00
103.00 **
126.00
The only bona fide issue is whether petitioners are entitled to business expenses and personal exemptions beyond those allowed by respondent. FINDINGS OF FACT Petitioners were residents of Omaha, Nebraska, at the time they filed their petition herein. They did not file Federal income tax returns for 1983. During 1983, petitioner Marcellus S. Deats *390 was employed by the City of Omaha and earned wages totaling $25,978. During 1983, petitioner Barbara L. Deats earned income by preparing tax returns for others. In the statutory notice of deficiency sent to Mrs. Deats, respondent determined that Mrs. Deats had gross business income of $10,000, based on preparation of 400 returns at $25 each. The reconstructed amount of income was based on statements made by Mrs. Deats to another individual, who reported those statements to respondent's agent.Respondent did not allow any business deductions because none were substantiated by petitioners. Petitioners are the parents of four unmarried children born in 1957, 1965, 1966, and 1970. These four children lived with petitioners and were supported by Mr. Deats during all of 1983. Their married daughter Susan Fisher, her husband and two small children lived with petitioners part of 1983 after Mr. Fisher lost his job. OPINION When the case was called for trial, petitioners filed a trial memorandum in which they set forth various frivolous tax protester arguments and a chronology purportedly showing that they had been mistreated by the Internal Revenue Service. In their petition and *391 at trial, they stated that they had not filed tax returns for 1983 because they were awaiting a determination of the validity of purported amended returns filed by them for 1981 and 1982.[2] The thrust of their arguments is that Mr. Deats' wages are not income and that Mrs. Deats did not profit from the tax return preparation activity engaged in by her during 1983. The former argument repeatedly has been held to be frivolous by this Court and by the Court of Appeals for the Eighth Circuit, to which this case is appealable. See, e.g., Hayward v. Commissioner,746 F.2d 1369 (8th Cir. 1984), affg. a Memorandum Opinion of this Court; Hanson v. United States,744 F.2d 658, 660 (8th Cir. 1984); Hayward v. Day,619 F.2d 716, 717 (8th Cir. 1980), affg. a criminal conviction of a taxpayer making such contentions; Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983), sustaining an addition to tax for fraud against a taxpayer making such contentions.
Under the circumstances, respondent's *392 reconstruction of Mrs. Deats' income is appropriate. See Denison v. Commissioner,751 F.2d 241, 242 (8th Cir. 1984), affg. a Memorandum Opinion of this Court. Petitioners have the burden of proving that they are entitled to deductions against that income. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934), Rule 142(a), Tax Court Rules of Practice and Procedure.
Mrs. Deats did not dispute the amount of payments received for tax returns prepared by her during 1983. She argues that she had no income because money beyond reimbursement of expenses was paid into the bank account of an entity known as F.A.C.T. (Fair and Constitutional Tax), which was "an account that our clients wished to use for future tax situations." Mrs. Deats conceded that she and her sister had signatory control over the bank account. She has failed to prove that the sums received by her belonged to another or were not taxable compensation for her services. Section 61. Mrs. Deats testified that sums were paid out of the account for attorneys' fees and that expenses were incurred for supplies and similar business expenses. She did not, however, produce any records that would *393 show specific payments made or the purpose of any such payment. It is probable that Mrs. Deats did incur office expenses in relation to the tax preparation service that she operated. We use our best judgment to approximate the amount of those expenses, bearing heavily against the taxpayer who failed to keep or produce records substantiating those expenses. See Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). We conclude that Mrs. Deats is entitled to a deduction for business expenses of $1,000. Respondent's determination of her taxable income must otherwise be sustained. Mr. Deats testified that he provided a home and support for his five children, his son-in-law, and his two small grandchildren during 1983. Three of those children were under 19 in 1983. He testified that the fourth, although an adult, had minimal, if any, employment or income during that year. We accept Mr. Deats' testimony and conclude that he provided more than one-half of the support of and is entitled to dependency exemptions for each of these four children for 1983. See sections 151(e), 152(a). [3]
*394 With respect to petitioners' married daughter and her family, however, petitioner did not produce evidence making it more likely than not that he provided more than half the support of those individuals for the taxable year, a prerequisite to allowance of the dependency exemption. Section 152(a). Moreover, he did not show that his married daughter did not make a joint return with her spouse, which could result in denial of the exemption. Section 151(e)(2). Exemptions cannot be allowed, therefore, for the Fisher family. Petitioners claimed at trial, in March 1986, that they had not filed their tax returns for 1983 because they were awaiting determination of their obligations to file for 1981 and 1982. Their argument is totally lacking in merit, and they have not shown reasonable cause for their failure to file returns. Moreover, their testimony merely supports respondent's determination that their failure to file was due to negligence or intentional disregard of rules and regulations. The additions to tax under sections 6651(a) and 6653(a) are sustained. The additions to tax under section 6654 are automatic absent exceptions that petitioners have not shown to be applicable *395 in this case. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. * 50 percent of the interest due on $3,796.00 ** 50 percent of the interest due on $2,053.00.↩
2. Mr. Deats' liability for 1982 is at issue in docket No. 41523-84, tried February 10, 1986, 5 weeks prior to the trial in this case.↩
3. Mr. Deats failed to provide any such evidence in his earlier case, note 2, supra, and could, therefore, not be allowed exemptions for 1981 or 1982. See T.C. Memo. 1986-220↩.