Cleo Stephens DENISON, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

Cleo Stephens DENISON, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

Nos. 84–1594, 84–1660.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 5, 1984.

Decided Dec. 27, 1984.

Cleo Stephens Denison, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Richard W. Perkins and Thomas A. Gick, Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

These consolidated appeals from the Tax Court concern determinations of income-tax deficiencies and additions to tax by the Internal Revenue Service against appellant-taxpayer Cleo S. Denison for the calendar years 1977–1980. Following an earlier Tax Court trial on Denison's 1977 tax liability, this Court reversed and remanded by decision of October 4, 1982, "with instructions to permit the government to produce evidence of the reasonableness of its reconstruction of Denison's taxable income for the tax year 1977, and to determine whether the Commissioner's assessment should be sustained or appropriately modified under the circumstances disclosed by the record." *Denison v. Commissioner*, 689 F.2d 771, 773 (8th Cir.1982). On remand the Commissioner produced evidence supporting the 1977 deficiency determination, and the Tax Court in supplemental findings of fact sustained this determination. Meanwhile, Denison challenged the tax deficiencies and additions asserted by the Commissioner for the 1978–80 tax years, and the Tax Court upheld these determinations also.

Taxpayer appeals. He has failed to offer evidence that the determinations and calculations were in error and presents only legal arguments against the imposition of deficiencies and additions. Taxpayer, a brickmason during the years in question, contends that his wages were not income, that the Internal Revenue Code is unconstitutional to the extent it imposes a tax on income from services, that Code Section 61 does not apply to individuals such as taxpayer, and finally that the Tax Court lacked jurisdiction. These arguments are frivolous, and we have many times so held. See, *e.g.*, *Hayward v. Commissioner*, 746 F.2d 1369 (8th Cir.1984).

Damages and single or double costs are authorized by both 28 U.S.C. § 1912 and Fed.R.App.P. 38. *See, e.g., Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656–57 (9th Cir.1984); *Lively v. Commissioner*, 705 F.2d 1017 (8th Cir.1983); *United States v. Hart*, 701 F.2d 749 (8th Cir.1983). We grant the appellees' request that this Court impose attorneys' fees and double costs as a sanction for the filing of this frivolous appeal. As was recently stated by the Seventh Circuit and quoted by this Court in *Lukovsky v. Herstad*, 748 F.2d 499 (8th Cir.1984) at 500,

The doors of this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts. But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in

order to delay or harass the collection of public revenues or for other nonworthy purposes. Rule 38 of the Federal Rules of Appellate Procedure provides that a Court of Appeals may award just damages and single or double costs for frivolous appeals .... This Court has recently awarded reasonable attorney's fees and double costs to the government for a frivolous tax appeal. Other circuits, recognizing the waste of limited judicial and administrative resources that such groundless actions have occasioned, have awarded damages or other extraordinary costs in cases such as these.

*Granzow v. Commissioner*, 739 F.2d 265, 269–70 (7th Cir.1984) (citations omitted).

Accordingly, within fifteen (15) days of the filing of this opinion, appellees shall file with this Court a submission as to fees and costs they have incurred. Appellant may have fifteen (15) days thereafter within which to contest this submission if he wishes.

Affirmed.