**UNITED STATES of America, Appellee,**

v.

**Wyatt L. KRUGER, Appellant.**

**Martha C. Kruger, Pierce L. Kruger, Liberty Baptist Tabernacle.**

**No. 90–2308NI.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 2, 1991.

Decided Jan. 10, 1991.

Wyatt L. Kruger, pro se.

Gary R. Allen, Nancy Morgan, and William S. Estabrook, Washington, D.C., for appellee.

Before ARNOLD, BOWMAN, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

Wyatt L. Kruger appeals from the District Court's [1] order granting summary judgment in favor of the United States in its suit against Wyatt Kruger, Martha Kruger (Wyatt Kruger's mother), Pierce Kruger (Wyatt Kruger's father), and Liberty Baptist Tabernacle. The United States brought this action to reduce to judgment Wyatt Kruger's unpaid federal tax liabilities, to set aside transfers of Wyatt Kruger's property to Martha Kruger and to Liberty Baptist Tabernacle, and to foreclose federal tax liens against the property. We affirm.

■ The Krugers' principal argument below and on appeal is that the Thirteenth, Fourteenth, and Fifteenth Amendments to the United States Constitution unlawfully purported to bestow citizenship upon non-

---

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

white races and other "artificial statutory persons." This argument is absurd.

The District Court had subject matter jurisdiction to entertain this action, see 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a), and correctly granted summary judgment in favor of the government. The Krugers, who resisted the government's motion for summary judgment on the grounds of lack of jurisdiction and liability, failed to set forth specific facts showing the existence of a genuine issue of material fact. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). We agree with the District Court that the tax assessments plus interest and penalties were liens on Wyatt Kruger's property, see 26 U.S.C. §§ 6321 and 6322, and Wyatt Kruger was the equitable owner of the property transferred to Martha Kruger and Liberty Baptist Tabernacle, see Iowa Code Ann. § 639.30 (West 1950); *First Nat'l Bank v. Frescoln Farms, Ltd.*, 430 N.W.2d 432, 435 (Iowa 1988).

■ Because this appeal is utterly frivolous, the government's motion for sanctions in the amount of $1,500 is granted. See 28 U.S.C. § 1912; Fed.R.App.P. 38; *Denison v. Commissioner*, 751 F.2d 241, 242–43 (8th Cir.1984) (per curiam), *cert. denied*, 471 U.S. 1069, 105 S.Ct. 2149, 85 L.Ed.2d 505 (1985).

Affirmed.