999 F.2d 1255
 72 A.F.T.R.2d 93-5506, 26 Fed.R.Serv.3d 574
 UNITED STATES of America, Appellee,
v.
Gregory L. GERADS, individually; Dorothea A. Gerads,
individually, Appellants,
Gregory L. Gerads, as Trustee for Rocky Hills; Dorothea A.
Gerads; Ruth M. Bloch; Jeffrey J. Gerads; Beth
M. Gerads; Peggy E. Gerads, Defendants.
 No. 93-1449.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 29, 1993.
Decided July 26, 1993.
Rehearing Denied Aug. 30, 1993.
 
 Gregory L. Gerads and Dorothea A. Gerads, Freeport, MN, for appellants.
 Gary R. Allen, Dept. of Justice, Washington, DC, for appellee.
 Before FAGG, BEAM, HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory L. Gerads and Dorothea A. Gerads, husband and wife (appellants), appeal from the district court's[1] orders granting the government's motions for summary judgment in this action to recover back income taxes. We affirm.
 
 
 2
 Appellants are tax protestors who have refused to file or pay federal income taxes since 1976. They reside on a tract of farmland in Freeport, Minnesota, in Stearns County. On December 5, 1988, the IRS sent appellants Notice of Deficiency letters for the tax years 1976 through 1983. On April 18, 1989, the government assessed federal income taxes, additions to tax, and statutory interest against appellants for these tax years. The government filed notice of the assessments and demanded payment. Appellants did not contest the deficiencies, and, other than Gregory's payment of $449.63, they have not attempted to satisfy their tax liability. The government then filed notices of federal tax lien against the farmland with the Stearns County Recorder in the names of appellants, Rocky Hills, as nominee of Gregory L. Gerads, and Sunrise Living Trust, as nominee of both appellants. On July 24, 1991, the government commenced this action, under 26 U.S.C. §§ 7401-03, to (1) reduce to judgment the income taxes it had assessed against appellants for the years 1976 through 1983; (2) set aside as fraudulent appellants' purported conveyance of the farmland to the two "trusts"; (3) quiet title to the property; and (4) eject any and all inhabitants from the property to facilitate foreclosure of its tax liens. Thereafter, the government moved for summary judgment. The district court granted the motions and the relief the government requested. This appeal followed.
 
 
 3
 The district court correctly granted the government's motions for summary judgment because appellants did not contest the factual bases for the assessments and because their legal arguments attacking the court's jurisdiction and the validity of the assessments were clearly meritless. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The arguments they advance on appeal are also frivolous. First, the Certificates of Assessments and Payments submitted by the government here are sufficient to establish the validity of the assessments. See Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir.) (per curiam), cert. denied, --- U.S. ----, 113 S.Ct. 261, 121 L.Ed.2d 191 (1992). Second, appellants' claim that the government failed to establish that the district court had "inland jurisdiction," and therefore, the case against them should have been dismissed is meritless. United States v. Saunders, 951 F.2d 1065, 1068 (9th Cir.1991). Third, we have rejected, on numerous occasions, the tax-protestor argument that the federal income tax is an unconstitutional direct tax that must be apportioned. See, e.g., Lively v. Commissioner, 705 F.2d 1017, 1018 (8th Cir.1983) (per curiam). Likewise, we have held that wages are within the definition of income under the Internal Revenue Code and the Sixteenth Amendment, and are subject to taxation. Denison v. Commissioner, 751 F.2d 241, 242 (8th Cir.1984) (per curiam), cert. denied, 471 U.S. 1069, 105 S.Ct. 2149, 85 L.Ed.2d 505 (1985). Appellants' claim that payment of federal income tax is voluntary clearly lacks substance. See Newman v. Schiff, 778 F.2d 460, 467 (8th Cir.1985). And, finally, we reject appellants' contention that they are not citizens of the United States, but rather "Free Citizens of the Republic of Minnesota" and, consequently, not subject to taxation. See United States v. Kruger, 923 F.2d 587, 587-88 (8th Cir.1991) (rejecting similar argument as "absurd").
 
 
 4
 The government requests that we assess $1,500 in sanctions against appellants for bringing this frivolous appeal based on discredited, tax-protestor arguments. Because the arguments appellants advance for reversal are clearly lacking in merit and frivolous, we grant the government's motion for $1,500 in sanctions pursuant to 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38. See United States v. Carter, 988 F.2d 68, 69-70 (8th Cir.1993) (per curiam) ("As the arguments raised in this appeal are frivolous, and we have many times so held, we award a sanction in the form of damages in the amount of $1500 against appellants."); Kruger, 923 F.2d at 588 ("Because this appeal is utterly frivolous, the government's motion for sanctions in the amount of $1,500 is granted.").
 
 
 5
 Accordingly, we affirm the district court's judgment and grant the government's motion for sanctions in the amount of $1,500.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota