35 F.3d 571
 74 A.F.T.R.2d 94-6354
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ivan L. ISAACSON; Nancy Isaacson, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15074.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1994.*
Decided Sept. 9, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ivan and Nancy Isaacson appeal pro se the district court's dismissal of their action against the United States challenging two tax levies on property that the Isaacsons owned. The Isaacsons contend that the district court erred by (1) dismissing their action for lack of subject matter jurisdiction because 28 U.S.C. Secs. 1330(a), 1605(a)(1), (4)-(5) and U.S. Const. art. IV, Sec. 3 confer jurisdiction on the district court to hear this case, and (2) failing to provide the injunctive relief and compensatory damages which they requested. We affirm.
 
 
 3
 This court reviews de novo the district court's dismissal of an action for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 It is well settled that the United States, as a sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Mitchell, 463 U.S. 206, 212 (1983). The party who brings an action against the United States carries the burden of demonstrating that an act of Congress explicitly authorizes the claim. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). Any waiver of the United States' immunity to suit must be unequivocally expressed and exceptions to this immunity are not to be implied. Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981). In the absence of an express waiver of sovereign immunity, the court lacks jurisdiction to consider the claim and the action must be dismissed. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990).
 
 
 5
 Here, the Isaacsons appear to argue that the United States is a foreign state[1] within the meaning of the Foreign Sovereign Immunity Act, 28 U.S.C. Sec. 1602-Sec. 1611 ("FSIA"), that the FSIA does not shield the United States from suit and that therefore 28 U.S.C. Sec. 1330(a) confers jurisdiction on the district court to hear this action.[2] The Isaacsons provide no authority however, to support their contention that the United States is a "foreign state" within the meaning of the FSIA. See, e.g. United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir.1993) (rejecting taxpayer's claim that they are not citizens of the United States, but rather "Free Citizens of the Republic of Minnesota"), cert. denied, 114 S.Ct. 1300 (1994). Their argument contradicts the plain meaning of the statute. Thus, 28 U.S.C. Sec. 1330(a) is wholly inapplicable to any claim that the Isaacsons might conceivably have against the United States.
 
 
 6
 Additionally, the Isaacsons cite U.S. Const. art. IV, Sec. 3 as a basis for their action against the United States. However, this provision establishes the rules by which new states are admitted into the union and the authority of Congress to dispose of and regulate public lands. It also is inapplicable to any claim the Isaacsons might have against the United States. The Isaacsons cite no other authority demonstrating waiver of sovereign immunity. Accordingly, the district court properly dismissed the action for lack of subject matter jurisdiction.
 
 
 7
 The Isaacsons contend that the district court should not have dismissed their request for damages and injunctive relief. This contention also lacks merit.
 
 
 8
 The Federal Tort Claims Act ("FTCA") establishes under what circumstances liability may be imposed on the United States for torts committed by its agents and employees while acting within the scope of their employment or office. 28 U.S.C. Sec. 2680, however, establishes a number of exceptions to the liability set out in the FTCA. Specifically, 28 U.S.C. Sec. 2680(c) provides in relevant part that FTCA shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax...."
 
 
 9
 Here, the Isaacsons request compensatory damages apparently in the amount of the tax levies imposed on their property. It is not clear whether they assert that the imposition of these particular levies in and of themselves is tortious or whether the levies were imposed by IRS agents in a tortious manner. To the extent that the Isaacsons argue that the imposition of these particular levies are in and of themselves unlawful, they offer no authority to support this proposition. To the extent that they argue that the levies were imposed on their property in a tortious manner by IRS agents, the plain language of the statute precludes recovery since the FTCA does not apply to claims arising "in respect of the assessment or collection of any tax." Accordingly, the district court properly dismissed the Isaacsons' request for damages under the FTCA.
 
 
 10
 The Isaacsons also contend that the district court should not have dismissed their request to enjoin the United States from further assessing and collecting taxes which they owed. This contention lacks merit.
 
 
 11
 26 U.S.C. Sec. 7421(a) provides in pertinent part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The relief that the Isaacsons requested falls within the purview of this statute. While there are exceptions to the statute, none apply in this instance. Accordingly, the district court properly denied the Isaacsons' request for injunctive relief.
 
 
 12
 Finally, the United States requests $1,500.00 in sanctions against the Isaacsons pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38 because the Isaacsons' arguments of error are wholly without merit. It is within the discretion of this court to impose sanctions against any party who files a frivolous appeal. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38. The award of sanctions for the abuse of judicial process is a matter within the sound discretion of this Court. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 
 13
 An appeal is frivolous "when the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Here, the Isaacsons were informed by the district court that the statutory and constitutional provisions upon which they relied did not provide a basis for suit against the United States. On appeal, the Isaacsons assert the same provisions as bases for their suit. These provisions are not applicable to the parties and the issues involved in this alleged controversy. Thus, the result is obvious. Additionally, the Isaacsons' arguments of error are wholly without merit. Therefore, we impose sanctions in the amount of $1,500.00 in favor of the United States in lieu of costs and attorney's fees.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Apparently, the Isaacsons believe that they are not subject to the laws of the United States. In April 1992, the Isaacsons published a self-styled "Declaration of Independence" in "The Sacramento Union" in which they announced to the world that they "declare a [r]ight to expatriate absolute, our res from the foreign jurisdiction in trust to the municipal corporation of the District of Columbia, a democracy, and return to the Republic. Any and all political ties implied by operation of law or otherwise in trust with a Democracy is hereby dissolved"
 
 
 [2]
 28 U.S.C. Sec. 1330(a) provides that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement." 28 U.S.C. Sec. 1603(a) provides that a foreign state includes the political subdivisions of a foreign state as well as the agencies and instrumentalities of foreign states