John H. Davis, pro se.

## MEMORANDUM OF DECISION

L. EDWARD FRIEND, II, Bankruptcy Judge.

This case filed under Chapter 13 on March 13, 1998, came before the court for hearing on confirmation of debtor's Plan on December 16, 1998. At the conclusion of the hearing at 3:30 p.m., the court noted that the debtor had filed four (4) previous cases under Title 11 and that this case involved one creditor, and one creditor only, the Internal Revenue Service (the "IRS"). The IRS filed a proof of claim on June 3, 1998, in the sum of $81,296.92, some $58,712.49 alleged to be a priority claim. The claim was based upon debtor's failure to file federal income tax returns.

Debtor asserts that he is not liable or subject to pay the federal income tax, pointing out that although he is employed by the United States Postal Service, he has not received any gross income subject to the federal income tax. Therefore, while he scheduled the IRS as the holder of an unsecured, priority claim, he contests the claim. During the pendency of this case, he has paid no Plan payments to the Chapter 13 Trustee, contrary to the provisions of 11 U.S.C. § 1326(a)(1).

**In re John H. DAVIS, Jr., Debtor.**

**Bankruptcy No. 98–1–3396–PM.**

United States Bankruptcy Court,
D. Maryland,
Greenbelt Division.

March 11, 1999.

The debtor's contention that he is not obligated to pay income taxes is without merit. *United States v. Gerads*, 999 F.2d 1255 (8th Cir.1993). The duty to file returns and pay income taxes is clear. Section 1 of the Internal Revenue Code imposes a federal tax on the taxable income of every individual. 26 U.S.C. § 1. Section 63 defines "taxable income" as gross income minus allowable deductions. 26 U.S.C. § 63, Section 61 states that "gross income means all income from whatever source derived," including compensation for services. 26 U.S.C. § 61. Sections 60001 and 6011 provide that a person must keep records and file a tax return for any tax which he is liable. 26 U.S.C. §§ 6001 & 6011. Finally, section 6012 provides that every individual having gross income that equals or exceeds the exemption amount in a taxable year shall file and income tax return. 26 U.S.C. § 6012. The duty to pay federal income taxes therefore is "manifest on the face of the statutes, without any resort to IRS rules, forms or regulations." *United States v. Bowers*, 920 F.2d 220, 222 (4th Cir.1990).

Were this case converted to a case under Chapter 7, it would be a fruitless act. The obligation to the Internal Revenue Service is almost entirely nondischargeable by virtue of the provisions of 11 U.S.C. § 523(a)(1). The court will therefore pass an order providing for the relief that it intended to provide at the conclusion of the December 16, 1998, hearing and dismiss this case with prejudice for a year in order to enable the parties to work out their disputes.

An appropriate order will be entered.