T.C. Memo. 2002-313

UNITED STATES TAX COURT

DALE CURTIS KINSLOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8937-01.                    Filed December 27, 2002.

Dale Curtis Kinslow, pro se.

<u>Helen H. Keuning</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for failure to file a tax return and pay tax pursuant to section 6651(a)(1) and (2), as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| 1997 | $5,427 | $348.75 | [1] |
| 1998 | 7,422 | 409.28 | [1] |
| 1999 | 7,146 | 464.40 | [1] |

[1] To be computed on the date of payment.

All section references are to the Internal Revenue Code for the years at issue.

The deficiencies arise from petitioner's failure to file required Federal income tax returns for 1997, 1998, and 1999.

## Background

Petitioner resided in Fargo, North Dakota, at the time he petitioned this Court seeking a review of respondent's determinations.

There are no disputed facts in this case. During each of the 3 years at issue (i.e., 1997, 1998, and 1999), petitioner received wages from Peterson Mechanical, Inc., for services rendered as a pipe fitter, as well as interest income from United Savings Credit Union, as follows:

|  | 1997 | 1998 | 1999 |
| Wages | $37,166 | $45,196 | $44,482 |
| Interest | 51 | 48 | 49 |

In addition, in 1997, petitioner received a $398 income tax refund from the State of North Dakota.

Petitioner claims that he has the right to "voluntarily opt out" of the Federal tax system and that he chooses to do so in

order to do more for his community, his wife to be, the State of North Dakota, and his country.

Respondent's representative informed petitioner on several occasions that the Federal tax system is not voluntary, as petitioner maintains, and that the position taken by petitioner is frivolous. In this regard, respondent's representative sent petitioner a 33-page document entitled "The Truth About Frivolous Tax Arguments", detailing responses to some of the more common arguments raised by individuals and groups who oppose compliance with the Federal tax laws.

## Discussion

Petitioner does not contest that he received the aforestated amounts of wages and interest during 1997, 1998, and 1999. Nor does he contest that he received a $398 income tax refund from the State of North Dakota in 1997. Rather, he contends there is no law that requires him to pay taxes and "with corporations moving their monies to offshore islands and basically becoming tax-free", there is no "fairness" in the tax laws. He asks to "be free from [the tax] chains that bind [him] financially."

Petitioner's arguments relating to the validity, as well as the voluntary nature, of the Federal income tax system are similar to those who oppose compliance with the Federal tax laws and which have been rejected on countless occasions by this and other courts. Woods v. Commissioner, 91 T.C. 88, 90 (1988); United States v.

Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993); Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Suffice to say, section 61(a)(1) and (a)(4) includes in the definition of "gross income" (i.e., income that is subject to Federal income tax) compensation for services rendered and interest, respectively; and pursuant to the so-called "tax benefit rule", State income tax refunds are taxable if the amount of the tax refund was deducted in a prior year and such deduction resulted in a reduction of tax for that year. See sec. 111.

We therefore sustain respondent's tax deficiency determinations for 1997, 1998, and 1999. We now turn our attention to the additions to tax for failure to file a tax return and pay tax. Sec. 6651(a)(1) and (2).

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return. Petitioner can avoid the section 6651(a)(1) addition to tax by proving that his failure to file was: (1) Due to reasonable cause, and (2) not due to willful neglect. Sec. 6651(a)(1); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985); United States v. Nordbrock, 38 F.3d 440 (9th Cir. 1994). "Reasonable cause" requires a taxpayer to demonstrate that he exercised ordinary business care and prudence and was nevertheless unable to file a return within the prescribed time. United States v. Boyle, supra at 246; sec. 301.6651-1(c)(1),

Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure to file or reckless indifference. <u>United States v. Boyle</u>, <u>supra</u> at 245.

Petitioner was required to file Federal income tax returns for 1997, 1998, and 1999. Sec. 6012. He failed to do so and offered no satisfactory explanation. Nor has he presented any evidence to prove that his failure to file was due to reasonable cause and not willful neglect. We therefore sustain respondent's determination with respect to the section 6651(a)(1) addition to tax for petitioner's failure to timely file a return for 1997, 1998, and 1999.

In general, section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a required income tax return. In the case before us, as stated, no tax return was filed for 1997, 1998, or 1999; a fortiori, no amount of tax was shown on a return for these years. To the contrary, petitioner's tax liability for 1997, 1998, and 1999 was determined in the revenue agent's report, and the deficiency computation for each of these years was stated in the notice of deficiency.

Pursuant to section 6651(g)(2), in the case of a substituted income tax return made by the Secretary under section 6020(b), such substituted return is treated, for purposes of determining the addition to tax under section 6651(a)(2), as the return filed by the taxpayer. The record does not reveal, and respondent does not

assert, that the Secretary prepared substituted tax returns for petitioner for 1997, 1998, and 1999 pursuant to section 6020(b). Consequently, because petitioner filed no tax returns (nor were substituted tax returns prepared by the Secretary) for 1997, 1998, or 1999, the addition to tax for failure to pay tax pursuant to section 6651(a)(2) cannot be sustained. See Heisey v. Commissioner, T.C. Memo. 2002-41.

Finally, respondent has requested us to require petitioner to pay to the United States a penalty for instituting a frivolous proceeding pursuant to section 6673. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty, up to $25,000, whenever it appears that proceedings in this Court have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. A taxpayer's position is frivolous or groundless "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioner was informed on several different occasions by respondent that his position regarding the voluntary nature of Federal income taxes was both frivolous and groundless. In addition, he was cautioned by this Court that if he continued to pursue his frivolous tax arguments, he could be required to pay a penalty to the United States pursuant to section 6673(a).

Although petitioner is not liable for the section 6651(a)(2) addition to tax, his position with respect to the substance of this case is both frivolous and groundless.  His insistence on pursuing his fruitless argument has consumed the time and effort of both this Court and the Commissioner, whose time and effort could otherwise have been devoted to resolving bona fide claims of other taxpayers.  See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986). Accordingly, pursuant to section 6673, we shall require petitioner to pay a penalty to the United States in the amount of $1,000.

To reflect the foregoing,

An appropriate order and decision will be entered.