# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3695

_____

| | | |
|---|---|---|
| Richard E. Walbaum, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Tax Court. |
| | * | |
| Commissioner of Internal Revenue, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: July 1, 2010
Filed: July 23, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Richard Walbaum appeals the tax court's[1] dismissal of his petition challenging notices of deficiency for tax years 2003, 2004, and 2006. Walbaum argues that the tax court erred by refusing to accept his corrected tax returns, and by not shifting the burden of proof regarding the deficiencies to the IRS Commissioner; he also asserts several tax-protestor arguments. The Commissioner has moved for sanctions against Walbaum.

_____

[1]The Honorable Robert N. Armen, Jr., United States Tax Court Judge.

After careful de novo review, see Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (de novo review standard); Campbell v. Comm'r, 164 F.3d 1140, 1142 (8th Cir. 1999) (taxpayer bears burden of proving that Commissioner's determination was erroneous), we conclude that the dismissal of Walbaum's petition was proper for the reasons stated by the tax court. We further conclude that the tax court was not required to shift the burden of proof regarding the deficiencies to the Commissioner, see Scherping v. Comm'r, 747 F.2d 478, 480 (8th Cir. 1984) (per curiam) (in deficiency actions Commissioner's determination is presumed correct, and petitioner bears burden to prove otherwise); see also 26 U.S.C. § 7491(a) (describing circumstances where burden shifts), and that the tax-protestor arguments raised by Walbaum are frivolous, see United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam) (we have rejected, on numerous occasions, tax-protestor argument that federal income tax is unconstitutional direct tax that must be apportioned; wages are within definition of income under Internal Revenue Code and Sixteenth Amendment, and are subject to taxation); United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) (argument that category "employee" in 26 U.S.C. § 3401(c) does not include privately employed wage earners is "preposterous" reading of statute); Denison v. Comm'r, 751 F.2d 241, 242 (8th Cir. 1984) (per curiam) (rejecting as frivolous taxpayer's arguments that wages were not income and that Internal Revenue Code was unconstitutional).

Regarding the motion for sanctions, we may award "just damages" and single or double costs if we determine that an appeal is frivolous. See 28 U.S.C. § 1912; Fed. R. App. P. 38. In this case, we conclude that Walbaum has filed a frivolous appeal and that sanctions are appropriate. See Gerads, 999 F.2d at 1256-57 (granting government's motion for sanctions where appellant brought frivolous appeal based on tax-protester argument).

Accordingly, we affirm the dismissal, and we grant the Commissioner's motion for sanctions in the amount of $5000.00.

_____