T.C. Memo. 2011-150

UNITED STATES TAX COURT


MINOR L. MCNEIL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

MINOR LEE MCNEIL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 4176-10, 12004-10L.[1]   Filed June 28, 2011.


Minor Lee McNeil, pro se.

<u>G. Chad Barton</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  By notices of deficiency dated February 3, 2010, respondent determined deficiencies and additions to tax in petitioner's 2006 and 2007 Federal income taxes as follows:

_____

[1]These cases were consolidated for purposes of trial, briefing, and opinion.

| Year | Deficiency | Additions to Tax | | |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|---|---|---|---|---|
| 2006 | $16,479 | $884 | $648 | $120 |
| 2007 | 15,007 | 1,842 | 860 | 338 |

Respondent also determined that petitioner was liable for penalties under section 6702(a)[2] for filing frivolous 2006 and 2007 Federal income tax returns; penalties which petitioner has yet to pay. By notice of determination dated May 11, 2010, respondent's Office of Appeals (Appeals) sustained a proposed levy upon petitioner's property to collect the unpaid frivolous return penalties. Petitioner filed with the Court two separate petitions, one in response to the notices of deficiency and the second in response to the notice of determination.

After concessions,[3] we decide whether: (1) Petitioner had unreported wages of $86,202 in 2006 and $59,145 in 2007; (2) petitioner is liable for an addition to tax under section 6651(a)(1) for 2006 and 2007; (3) petitioner is liable for an addition to tax under section 6651(a)(2) for 2006 and 2007; (4)

---

[2]Section references are to the applicable version of the Internal Revenue Code (Code), and Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts are rounded.

[3]Respondent concedes that petitioner is not liable for an addition to tax under sec. 6654 for 2006. As set forth in the notice of deficiency at docket No. 4176-10, respondent also determined that petitioner received $33 in dividends in 2006, $16,829 from an individual retirement account in 2007, $25 in interest in 2007, and $40 in qualified dividends in 2007. These issues were not raised on brief or at trial and are deemed conceded under Rule 34(b)(4).

petitioner is liable for an addition to tax under section 6654 for 2007; (5) respondent properly assessed section 6702 frivolous return penalties against petitioner for 2006 and 2007; and (6) Appeals abused its discretion in determining to proceed with collection by levy of the frivolous return penalties.

FINDINGS OF FACT

The parties did not file a written stipulation of facts. At the time the petitions were filed, petitioner lived in Arkansas.

During 2006 petitioner was paid wages of $86,202 for services he performed as a nurse with Carolinas Healthcare System (CHS). Continuing his work as a nurse during 2007, petitioner was paid wages of $11,416 by CHS and $47,729 by the University of Arkansas for Medical Sciences (UAMS). Petitioner received Forms W-2, Wage and Tax Statement, from CHS and UAMS for the wages he received in 2006 and 2007. He does not dispute having received these payments.

On May 14, 2007, respondent received from petitioner a purported income tax return for 2006. That purported return was completed on a Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, and reported zero income, withholding of $12,553, and a $12,553 refund due to petitioner. On June 10, 2008, respondent received from petitioner a purported income tax return for 2007. That purported return was completed on a Form 1040EZ, and reported zero income, withholding of

$6,822, and a $6,822 refund due to petitioner. Attached to the purported 2006 and 2007 returns were Forms 4852, Substitute for Form W-2, Wage and Tax Statement, which petitioner had prepared. Both Forms 4852 stated that petitioner had received no wages in 2006 and 2007 and that he made such a determination by reviewing the Forms W-2 which he had received from CHS and UAMS.

On October 14, 2008, respondent mailed to petitioner separate letters which stated that respondent had determined that petitioner's purported 2006 and 2007 tax returns were frivolous submissions. Respondent warned that a $5,000 penalty for each year would be assessed against petitioner under section 6702 if petitioner did not file corrected returns with respondent within 30 days. Petitioner did not file a corrected return for 2006 or 2007, and respondent assessed a $5,000 penalty against petitioner for each year.

Having not received corrected returns from petitioner for 2006 and 2007, respondent prepared a substitute for return on petitioner's behalf for each of those years. See sec. 6020(b). Petitioner has yet to pay the taxes reported as due on those substitutes for returns. On February 3, 2010, respondent issued to petitioner separate notices of deficiency for 2006 and 2007. Attached to the notices of deficiency were Forms 4549, Income Tax Examination Changes, on which respondent calculated petitioner's

2006 and 2007 Federal taxable income using a filing status of married filing separately.

Following assessment of petitioner's frivolous return penalties for 2006 and 2007, respondent demanded payment from petitioner to satisfy those liabilities by a separate letter for each year on August 17, 2009.  Respondent subsequently issued to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing, with regard to those frivolous return penalties.  Petitioner requested a collection due process (CDP) hearing with Appeals by filing Form 12153, Request for a Collection Due Process or Equivalent Hearing, in December 2009.  On that Form 12153 petitioner stated that he disagreed with the proposed levy because he "had no income".  He did not propose a collection alternative to the proposed levy.

On April 28, 2010, a settlement officer in Appeals held a telephone hearing with petitioner.  The settlement officer confirmed with petitioner that the sole issue to be resolved in the CDP hearing was whether petitioner had earned income in 2006 and 2007.  The settlement officer noted that petitioner's purported 2006 and 2007 returns contained all zeros with the exception of the section on which withholding was reported.  The settlement officer also determined that the purported 2006 and 2007 returns were frivolous.  Petitioner continued to raise frivolous arguments despite a warning from the settlement officer

not to do so, and the settlement officer ended the CDP hearing. On May 11, 2010, respondent issued to petitioner a notice of determination sustaining respondent's proposed levy to collect from petitioner the penalties under section 6702.

Petitioner petitioned the Court separately in response to the notices of deficiency and notice of determination. A trial was held on January 11, 2011, during which petitioner was the only witness to testify.

OPINION

I.   Petitioner's Arguments

Petitioner advanced a number of frivolous claims in his petition, at trial, and on brief. Similar arguments have been considered and rejected by this Court and the U.S. Court of Appeals for the Eighth Circuit, the court to which an appeal in this case would normally lie. See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993); Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982), affg. per curiam T.C. Memo. 1981-506; see also Avery v. Commissioner, T.C. Memo. 2007-60, affd. 399 Fed. Appx. 195 (9th Cir. 2010). First, petitioner argues that he is exempt from Federal income tax under section 7806(b).[4] He reads section 7806(b) to mean that tax laws

_____

[4]Sec. 7806(b) provides that "No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of * * * [the Code]".

have no legal effect. We find this to be a patently incorrect interpretation of section 7806 which garners no legal or logical support. We hold without further comment that section 7806 does not exempt petitioner from Federal income tax.

Second, petitioner argues the notices of deficiency which respondent issued to him are invalid because subtitle A of the Code, which prescribes rules regarding the imposition of income taxes, ended in 1954. Petitioner reads section 7851(a)(1) to mean that subtitle A of the Code ended on the date it was enacted.[5] In so doing, petitioner misinterprets the law. Section 7851(a)(1)(C) provides that any provision of subtitle A which is stated in terms of a specific date occurring after December 31, 1953, "shall apply" to taxable years ending <u>after</u> such date. See <u>Holliday v. Commissioner</u>, T.C. Memo. 2005-240. Thus, we disagree with petitioner that the individual income tax was repealed in 1954.

Third, petitioner argues that he did not receive "wages" as defined by applicable law. Courts have considered and repeatedly rejected similar arguments as frivolous. See, e.g., <u>United States v. Gerads</u>, <u>supra</u> at 1256; <u>Funk v. Commissioner</u>, <u>supra</u> at 265; <u>Robert v. Commissioner</u>, T.C. Memo. 2010-40. As discussed more fully below, we find that wages petitioner earned in 2006

---

[5]Sec. 7851(a)(1)(A) provides that subtit. A of the Code applies only to taxable years beginning after Dec. 31, 1953, and ending after Aug. 16, 1954.

and 2007 are compensation for services contemplated by section 61 and taxable to him as income.

Fourth, petitioner argues that documents which we declined to admit into evidence were required to be admitted under the Apostille Treaty.[6] We understand petitioner to refer to the Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, art. 1, Oct. 5, 1961, 33 U.S.T. 883, colloquially referred to as the Apostille Treaty (treaty). Article 1 of the treaty applies to public documents that were executed in the territory of one contracting state and which must be produced in the territory of another contracting state. Each signatory country to a treaty is referred to as a contracting state. See, e.g., Natl. Westminster Bank, PLC v. United States, 44 Fed. Cl. 120, 122 (1999). Contrary to petitioner's assertion, the United States is a contracting state to the treaty, but Arkansas is not. Arkansas is a part of the United States and has been since June 15, 1836, when it became the 25th State to join the Union. Other than a brief secession during the Civil War, Arkansas is and has remained a part of the United States. See Little Rock, Ark., Arkansas Ordinance of Secession (May 6, 1861). Petitioner's documents are outside the scope of the treaty.

---

[6]Among the documents petitioner attempted to have admitted were his pretrial memorandum, a press release dated Nov. 7, 2002, a sworn statement by him dated Dec. 10, 2010, and notices of intervention filed by an individual in the U.S. Court of Appeals for the Tenth Circuit unrelated to these cases.

The balance of petitioner's arguments are unintelligible shopworn tax-protester rhetoric which we have considered and now reject as baseless. We need not address these assertions with somber reasoning and copious citation of precedent because to do so might suggest that they have some colorable merit. Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984); Williams v. Commissioner, 114 T.C. 136, 139 (2000).

II. Unreported Wage Income

The Commissioner's determinations in a notice of deficiency are generally presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933); Jones v. Commissioner, T.C. Memo. 1994-230, affd. without published opinion 68 F.3d 430 (4th Cir. 1995). Where, as here, the Commissioner determines that a taxpayer has received unreported income, section 6201(d) requires the Commissioner to supplement the information return with additional reasonable and probative information in certain circumstances. Section 6201(d) applies if the taxpayer (1) asserts a reasonable dispute with regard to income reported on an information return, and (2) has fully cooperated with the Commissioner. Petitioner has not alleged that section 6201(d) applies to this case, nor do we find that he has fully cooperated with respondent.[7] Accordingly, petitioner bears the burden of proof.

---

[7]Petitioner does not assert, nor would we conclude, that the burden of proof as to factual matters should shift to respondent under sec. 7491(a).

Section 61(a) defines gross income as "all income from whatever source derived, including (but not limited to) * * * Compensation for services, including fees, commissions, fringe benefits, and similar items". Sec. 61(a)(1). Respondent relied on third-party information returns to determine that petitioner received wages of $86,202 and $59,415 in 2006 and 2007, respectively. Respondent introduced at trial Forms W-2 provided by CHS and UAMS and used by respondent to prepare the substitutes for returns. Petitioner has not produced any credible evidence to dispute his receipt of wages in 2006 or 2007. We therefore sustain respondent's determination that in 2006 and 2007 petitioner received wages of $86,202 and $59,415, respectively.

III. Section 6651(a)(1) Addition to Tax

Section 6011 generally requires any person liable for tax to make a return when required, and to set forth fully and clearly the information required to be included on the return. See sec. 301.6011-1(b), Proced. & Admin. Regs. Among other requirements, a valid return must contain sufficient information to enable the Commissioner to calculate the taxpayer's tax liability. See Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986). It is well settled that a return comprising mostly zeros does not provide, or evince an honest and reasonable intent to provide, the Commissioner with adequate information to calculate a taxpayer's tax liability. See Holmes v.

<u>Commissioner</u>, T.C. Memo. 2011-31; see also <u>United States v.</u>
<u>Grabinski</u>, 727 F.2d 681, 687 (8th Cir. 1984). We thus treat the
filing of an invalid return as the equivalent of not filing a
return for purposes of section 6651(a)(1). See <u>Cabirac v.</u>
<u>Commissioner</u>, 120 T.C. 163, 169 (2003); <u>Oman v. Commissioner</u>,
T.C. Memo. 2010-276.

Section 6651(a)(1) imposes an addition to tax for failure to
file a return by its due date, unless the taxpayer demonstrates
that the failure to file was due to reasonable cause and not due
to willful neglect. Reasonable cause may exist if a taxpayer
exercised ordinary business care and prudence and was nonetheless
unable to file the return within the time prescribed by law.
Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect
connotes a taxpayer's "conscious, intentional failure or reckless
indifference" to timely file a return. <u>United States v. Boyle</u>,
469 U.S. 241, 245 (1985). The addition to tax equals 5 percent
for each month that the return is late, but may not exceed 25
percent in total. Sec. 6651(a)(1).

Respondent bears the burden of production with respect to
the addition to tax under section 6651(a)(1). See sec. 7491(c);
<u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). To meet
this burden, respondent must produce sufficient evidence that it
is appropriate to impose this addition to tax. Once respondent
has met his burden, the burden of proof as to reasonable cause or

other mitigating factors shifts to petitioner.  See <u>Higbee v.</u>
<u>Commissioner</u>, <u>supra</u> at 447.

Respondent introduced evidence at trial that petitioner
submitted purported returns for 2006 and 2007 comprising mostly
zeros.  The Forms 4852 which petitioner attached to those
purported returns similarly lacked sufficient information which
would allow respondent to compute petitioner's tax liabilities.
We find that petitioner's purported returns were not valid for
purposes of section 6651(a)(1) because they did not include the
necessary information to calculate petitioner's Federal income
tax liabilities.  Respondent has therefore met his burden of
production as to the section 6651(a)(1) addition to tax.
Petitioner has not offered any credible reason for his failure to
file valid returns for 2006 and 2007, and he has not produced any
evidence to establish the existence of reasonable cause that
would otherwise excuse his failure to file valid returns for
those years.  To the con6+trary, petitioner's tax-protester
rhetoric leads us to conclude that his failure to file valid 2006
and 2007 returns was conscious, intentional, and recklessly
indifferent.  We therefore hold petitioner liable for additions
to tax under section 6651(a)(1) for 2006 and 2007.

IV.  <u>Section 6651(a)(2) Addition to Tax</u>

Section 6651(a)(2) generally imposes an addition to tax for
a failure to pay timely the amount of tax shown on a Federal

income tax return.  Because petitioner did not file a valid Federal income tax return for 2006 or 2007, respondent prepared substitutes for returns for those years.  A return prepared by the Commissioner in compliance with section 6020(b) is treated as a return filed by the taxpayer for purposes of section 6651(a)(2).  See sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); see also Smith v. Commissioner, T.C. Memo. 2000-290.

At trial respondent introduced copies of the substitutes for returns which were prepared on petitioner's behalf and certified that those substitutes for returns were valid under section 6020(b).  Respondent also included copies of the Forms 4549 on which petitioner's income tax liabilities were calculated and account transcripts which proved that petitioner had made no payments against his 2006 or 2007 tax liability other than amounts withheld by CHS and UAMS.  Accordingly, we find that respondent produced sufficient evidence that petitioner is liable for an addition to tax under section 6651(a)(2).

Petitioner does not allege that his failure to pay was due to reasonable cause and not willful neglect.  See sec. 6651(a)(2).  Nor did he establish that he exercised ordinary business care or that he would have suffered undue hardship if made to pay his tax liability.  See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Moreover, we find that petitioner acted

with reckless indifference by declining to pay his 2006 and 2007 taxes even though he earned more than $145,000 during those years. Therefore, we hold that petitioner is liable for an addition to tax under section 6651(a)(2) for 2006 and 2007.

V.    Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax on an individual taxpayer who underpays a required installment of estimated tax. That addition to tax is determined by reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c)(1). For a taxpayer to avoid an addition to tax under section 6654, each required installment of estimated tax must equal 25 percent of the "required annual payment." Sec. 6654(d)(1)(A). Where no return is filed in the preceding year, the required annual payment is equal to 90 percent of the tax shown on the taxpayer's return for the current year (or, if no return is filed, 90 percent of the tax due for such year). Sec. 6654(d)(1)(B). Respondent must prove that imposition of the section 6654 addition to tax is appropriate. See sec. 7491(c).

Respondent introduced evidence at trial which proved that petitioner was required to file a Federal income tax return for 2007, that he did not file a valid 2007 return, and that he did not make any estimated tax payments for 2007. Included among that evidence was a Form 4549 and an explanation of the estimated tax penalty. Petitioner does not assert, and we do not find,

that any of the statutory exceptions in section 6654(e) applies to eliminate petitioner's liability for an addition to tax under section 6654(a). Accordingly, we hold that petitioner is liable for an addition to tax under section 6654 for 2007.

VI. Section 6702 Penalties

Respondent determined that petitioner was liable for penalties under section 6702 for filing frivolous Federal income tax returns for 2006 and 2007. An Appeals settlement officer later upheld respondent's proposed levy to collect that liability. We review the determination de novo where a taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the underlying liability. See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000). Because petitioner did not receive a notice of deficiency with regard to the section 6702 penalties or otherwise have an opportunity to dispute that liability, we review petitioner's liability for those penalties de novo. See Callahan v. Commissioner, 130 T.C. 44, 49 (2008); Blaga v. Commissioner, T.C. Memo. 2010-170.

Section 6702 authorizes the Commissioner to impose a $5,000 penalty against a taxpayer where: (i) The taxpayer files a purported income tax return; (ii) the purported return lacks the

information needed for the Commissioner to judge the substantial correctness of the self-assessment; and (iii) the taxpayer's position is frivolous or demonstrates a desire to delay or impede the administration of Federal income tax laws. See sec. 6702(a)(1) and (2). The Commissioner, pursuant to his authority under section 6702(c), has identified the following positions as frivolous: Compliance with the internal revenue laws is voluntary or optional and not required by law, and wages and other compensation received for the performance of personal services are not taxable income. See Notice 2007-30, 2007-14 I.R.B. 883; see also Thornberry v. Commissioner, 136 T.C. __, __ (2011) (slip op. at 20-21). Respondent bears the burden of proving petitioner's liability for a penalty imposed under section 6702. See sec. 6703(a).

At trial respondent introduced evidence which showed that petitioner's submissions purport to be returns, do not contain information on which the substantial correctness of the self-assessments may be determined, and contain information that on its face indicates that the self-assessments are substantially incorrect. See sec. 6702(a). Petitioner's purported returns were based on positions which the Secretary has previously identified as frivolous under section 6702(c). Respondent also warned petitioner in letters that his returns were frivolous, but petitioner ignored those warnings and declined to file corrected

returns. Instead, petitioner continued to advance frivolous tax-protester rhetoric. Therefore, we sustain respondent's findings set forth in the notice of determination that petitioner is liable for frivolous return penalties under section 6702.

We now decide whether respondent abused his discretion in determining to proceed with collection by levy of the frivolous return penalties. Petitioner bears the burden of proving that Appeals' determination to sustain the proposed levy was arbitrary, capricious, or without sound basis in fact or law. See Rule 142(a); Blaga v. Commissioner, supra. Petitioner did not meet his burden of proof because he merely recited the frivolous arguments which he asserted at the CDP hearing. We find that Appeals' settlement officer fully complied with his obligations to petitioner under section 6330. He verified that all of the requirements of any applicable law or administrative procedure were met and that the proposed levy action appropriately balanced the need for efficient collection of taxes with petitioner's concerns that the levy be no more intrusive than necessary. We therefore conclude that respondent did not abuse his discretion in determining to collect frivolous return penalties for 2006 and 2007 by levy upon petitioner's property.

We have considered all arguments made by petitioner in reaching our decision, and to the extent not discussed we conclude they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Appropriate decisions</u>

<u>will be entered</u>.