# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2805

_____

Daniel J. Dykema,

        Appellant,

    v.

Commissioner of Internal Revenue,

        Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  Tax Court.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: January 27, 2012
Filed: January 31, 2012

_____

Before MURPHY, ARNOLD and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Daniel Dykema appeals a decision of the tax court[1] which dismissed his petition challenging a notice of deficiency issued by the Commissioner of Internal Revenue, upheld the assessments set forth in the notice of deficiency, and imposed sanctions against him for asserting frivolous arguments. The Commissioner urges affirmance and has moved for sanctions on appeal.

After careful review, we conclude that dismissal of Dykema's petition was appropriate for the reasons explained by the tax court. We also agree with the tax

_____

[1]The Honorable Mark V. Holmes, United States Tax Court Judge.

court that Dykema's arguments below were frivolous, and we find no abuse of discretion in the court's imposition of sanctions.

As to the Commissioner's motion for sanctions on appeal, we may award "just damages" and single or double costs if we determine that an appeal is frivolous. See Fed. R. App. P. 38; 28 U.S.C. § 1912. In the present appeal, Dykema has raised the same tax-protestor arguments he asserted below, all of which have been repeatedly rejected by the courts as frivolous. Cf. United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam) (in government's action to recover back taxes from tax protestor defendants, noting that appellate court had previously held wages are within Code's definition of income, and rejecting defendants' argument that they were not citizens of United States but rather were citizens of "Republic of Minnesota" who were not subject to income tax); see also United States v. Clayton, 506 F.3d 405, 412 (5th Cir. 2007) (per curiam) (noting that court previously had rejected as "patently frivolous" and "absurd" argument that income derived from sources within United States is non-taxable). In these circumstances, we conclude that sanctions are appropriate. See Gerads, 999 F.2d at 1256-57 (granting government's request that court impose sanctions against appellants for bringing frivolous appeal based on discredited, tax-protestor arguments).

Accordingly, we affirm the tax court's judgment, see 8th Cir. R. 47B, and we grant the Commissioner's motion for sanctions in the amount of $5,000.

_____