# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3451

_____

William Vaughn

*Plaintiff - Appellant*

v.

Internal Revenue Service of the United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 3, 2014
Filed: March 6, 2014
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William Vaughn brought this action in the district court,[1] asserting, inter alia, that the Internal Revenue Service had illegally collected taxes on wages he had

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

earned. He now appeals an adverse post-judgment order. Upon careful review, we conclude that the district court did not abuse its discretion in denying his motion to amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e). <u>See</u> <u>United States v. Metro. St. Louis Sewer Dist.</u>, 440 F.3d 930, 933 (8th Cir. 2006) (Rule 59(e) motions serve limited function of correcting manifest errors of law or fact or to present newly discovered evidence; denial of Rule 59(e) motion reviewed for abuse of discretion); <u>see also</u> <u>United States v. Gerads</u>, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam) (wages are within definition of income under Internal Revenue Code and Sixteenth Amendment, and are subject to taxation). We further conclude that the district court did not abuse its discretion in denying Vaughn's post-judgment request for leave to file an amended complaint. <u>See</u> <u>Horras v. Am. Capital Strategies</u>, 729 F.3d 798, 804 (8th Cir.), <u>cert. denied</u>, No. 13-843, 2014 WL 177056, at *1 (U.S. Feb. 24, 2014) (denial of post-judgment request for leave to amend complaint reviewed for abuse of discretion; district court may appropriately deny leave to amend where, for example, amendment would be futile).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B. We also grant the government's motion for sanctions,[2] and we assess sanctions in the amount of $2,000. <u>See</u> 28 U.S.C. § 1912; Fed. R. App. P. 38; <u>Gerads</u>, 999 F.2d at 1256-57 (granting government's motion for $1,500 in sanctions where appellants had advanced on appeal frivolous "tax-protestor" arguments that had been repeatedly rejected).

---

[2]We overrule Vaughn's apparent objection to the clerk's order that the sanctions motion be taken with the case.