**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3373
_____

UNITED STATES OF AMERICA

v.

EDWARD WUNDER; MARY ELLEN WUNDER;
COUNTRY HOUSE MANAGEMENT LLC,
also known as County House Management, LLC;
CITIMORTGAGE INC; NEW YORK COMMUNITY BANCORP, INC.

Edward Wunder; Mary Ellen Wunder,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-09452)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2020

Before:  AMBRO, PORTER, and SCIRICA, Circuit Judges

(Opinion filed: November 17, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

This appeal arose from an action commenced by the United States against Edward and Mary Ellen Wunder and Country House Management to collect unpaid income taxes.[1]  According to the complaint, Mr. Wunder failed to pay income taxes from 2003 to 2006.  In 2004, after receiving a letter stating that he owed over $50,000 in federal income taxes, Mr. Wunder transferred ownership of his house in New Jersey to Country House Management for $21.  However, Mr. and Mrs. Wunder continued to live at the property.  To date, the defendants owe almost $250,000 in unpaid income taxes and fees.

The Wunders jointly filed a "complaint/counterclaim" against the United States, stating that they did not wish to be considered citizens of the United States and that the federal government lacks the power to levy an income tax on them.  They also filed four "motions to dismiss for summary judgment," which the Court denied.  Five months after serving the complaint, the United States requested that the Clerk enter default against Country House Management for failure to plead or otherwise defend, which the Clerk granted.  One year later, and 8 months after the District Court denied the Wunders' motions to dismiss, the Clerk granted the government's request to enter default against the Wunders.  The United States then successfully moved for default judgment against the defendants.  The Wunders appealed.

---

[1] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for the discussion.

2

We are satisfied that we have jurisdiction over the appeal under 28 U.S.C. § 1291[2] and review the District Court's entry of default judgment for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984). Among other requirements, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.

As the District Court ably explained, default judgment was proper here. The United States has been prevented from prosecuting this case in a timely fashion and, if the request for default judgment were denied, the United States would have no other means to obtain the unpaid taxes. The Wunders put forth various meritless defenses in the District Court, and, assuming the facts in the complaint are true, see DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005), no defenses exist to the defendants' failure to pay their taxes. Finally, the delay was wholly due to the defendants' outright refusal to engage in discovery or otherwise litigate the matter.

Wunder again argues that the United States does not have the authority to tax his income and that the District Court lacked jurisdiction over the proceedings. In support of

_____

[2] Though the Wunders filed a "complaint/counterclaim" against the United States, that filing seems to be more appropriately characterized as a motion to dismiss for lack of jurisdiction insofar as it only requested dismissal of the complaint. See Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (explaining that a pro se pleading must be "judged by its substance rather than according to its form or label"). The District Court addressed the arguments raised in the filing and the Wunders thus do not have any counterclaims pending against the United States.

3

his position, he cites the Declaration of Independence, the Articles of Confederation, a Tennessee Supreme Court case, and several inapplicable 19th century Supreme Court cases. Contrary to Wunder's contentions, the Constitution grants Congress the authority to "lay and collect taxes." U.S. Const. art. I, § 8. The District Court correctly explained the propriety of its exercise of both personal and subject-matter jurisdiction over the defendants. Wunder's arguments, which are common among those who do not wish to pay taxes, have been roundly rejected by courts across the country. See, e.g., Cheek v. United States, 498 U.S. 192, 195, 204 (1991) (characterizing as frivolous tax protestor's arguments that he is not a taxpayer and that the tax code is unconstitutional); United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999) (finding that tax protestor arguments similar to those made by Wunder, when made on appeal, are "frivolous squared"); Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (characterizing as meritless the argument that the IRS and its employees "have no power or authority to administer the Internal Revenue laws"); Denison v. Comm'r, 751 F.2d 241, 242 (8th Cir. 1984) (finding frivolous taxpayer's claims that wages are not income, income tax is unconstitutional, and the tax court lacked jurisdiction).

Accordingly, we will affirm the judgment of the District Court.